09-2757-ag
Li v. Holder

BIA
Videla, IJ
A099 683 902

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of July, two thousand ten.

PRESENT:
    DENNIS JACOBS,
        *Chief Judge,*
    DEBRA ANN LIVINGSTON,
    DENNY CHIN,
        *Circuit Judges.*

_____

GUANG MING LI,
        *Petitioner,*

        v.                                        09-2757-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Richard Tarzia,
                       Belle Mead, New Jersey.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Luis E. Perez, Senior
                       Litigation Counsel; Edward C.

**Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Guang Ming Li, a native and citizen of the People's Republic of China, seeks review of a May 29, 2009, order of the BIA, affirming the February 14, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for asylum and withholding of removal. *In re Guang Ming Li*, No. A099 683 902 (B.I.A. May 29, 2009), *aff'g* No. A099 683 902 (Immig. Ct. N.Y. City Feb. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

Li argues that his wife's sterilization constituted past persecution with respect to his asylum claim because it prevented him from "being allowed to enjoy the basic human right of procreating with his wife."  This argument fails, because, as the agency noted, we have squarely rejected the notion that an alien is *per se* eligible for relief based on the forced sterilization of his or her spouse.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007).

While the involuntary sterilization of one's spouse is not *per se* persecution, applicants may base their claims on "persecution that they themselves have suffered or must suffer" on account of their "other resistance" to a coercive family planning policy.  *Shi Liang Lin*, 494 F.3d at 308-10; 8 U.S.C. § 1101(a)(42).  Li argues that he was persecuted for resisting family planning officials, and that the BIA erred in finding that he never testified to fighting with the officials.  However, the BIA did not err in finding that Li's claim on appeal differed from his claim before the IJ.  *See* 8 C.F.R. § 1003.1(d)(3)(iv).  Indeed, while Li argued before the BIA that he fought with family planning cadres in an attempt to prevent his wife's sterilization, he testified

3

before the IJ that he was away "at sea" when his wife was forcibly sterilized. Accordingly, the BIA's finding that Li "never testified that he fought with these officials" was supported by substantial evidence. *See Salimatou Bah*, 529 F.3d at 110.

In his brief before this Court, Li points to his testimony that he confronted the family planning officials after his wife's sterilization, suggesting that he thereby raised a claim of past persecution based on his "other resistance" to the family planning policy. While the record reflects that Li testified to a confrontation he had with the family planning officials *after* his wife's sterilization, that testimony did not provide a basis for Li's argument on appeal before the BIA. To the extent that Li raises this incident as a basis for his claim of past persecution before this Court, we decline to consider the claim in the first instance. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). Moreover, even if the BIA erred in failing to construe Li's argument on appeal as referring to the confrontation after his wife's sterilization, remand on that basis would be futile because we can "confidently predict" that the agency would find that

4

this incident – in which Li was merely threatened with detention – did not constitute past persecution.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (holding that remand is futile "when the reviewing court can 'confidently predict' that the agency would reach the same decision absent the errors that were made" (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005)); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (stating that a "threat of detention . . . itself . . . is not past persecution").

Finally, to the extent that Li argues that he fears persecution based on his illegal departure, because he failed to exhaust this claim before the BIA, we decline to address it.  *See Lin Zhong*, 480 F.3d at 122.  Because Li's withholding of removal claim was based on the same set of facts as his asylum claim, the agency's reasonable finding that he had not met his burden of proof with respect to asylum was a sufficient basis to deny both forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk